IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

KELESSIA BATTEE
Plaintiff

vs.   CIVIL ACTION _____
   JURY REQUESTED

BEN E. KEITH COMPANY
Defendant

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**I. PARTIES**

1. Plaintiff, Kelessia Battee, is an individual who is a resident and citizen of the State of Texas.

2. Defendant, Ben E. Keith Company is a business corporation that has its principal place of business in Palestine, Anderson County, Texas. Defendant can be served by and through its Registered Agent, Craig A. Woodcook, 601 East 7th St., Fort Worth, Texas 76113

II**. JURISDICTION AND VENUE**

3. Plaintiff brings this employment discrimination action pursuant to 42 U.S.C. Section 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.S. Section 2000e, et. seq. ("Title VII"), which in relevant parts prohibit discrimination in the workplace based upon an employee's sex. The plaintiff is a female employee who is the victim of gender discriminatory employment policies and practices. This Court also has jurisdiction over this suit because the

**PLAINTIFF'S COMPLAINT**
**Page 1**

action arises under the Family and Medical Leave Act of 1933 (FMLA), 29 U.S.C. §2601 et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in whole or in part, in the Eastern District of Texas.

### III. FMLA COVERAGE

5. Plaintiff is covered by the FMLA because prior to March 13, 2016 , she had been employed by Defendant for at least 12 months and has at least 1250 hours of service during the 12 month period immediately preceding the commencement of his FMLA leave in question.

6. Defendant is covered by the FMLA because it is engaged in commerce or in an industry affecting commerce and employs 50 or more employees for each working day during 20 or more calendar weeks in the current or preceding calendar year.

7. On March 13, 2016, Plaintiff was taken off work because of a serious health condition.

8. Plaintiff had hurt her leg on or about March 11, 2016.

9. Due to her injury Plaintiff was restricted to certain things she could do while at work

10. Plaintiff was not accommodated by the defendant after her injury.

11. On May 19, 2016, was informed that she was terminated, one day after obtaining the release that had been requested by the defendant.

12. 29 U.S.C. §§ 2615(a)(l) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." Section 2615(a)(2) makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this

subchapter" and, §§ 2615(b) provides that "[i]t shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter." The FMLA grants employees a cause of action against employers who violate §§2615. *See* 29 U.S.C. §§ 2617. Additionally, the United States Department of Labor ("DOL") has promulgated regulations implementing the FMLA, as authorized by 29 U.S.C. §§ 2654. Of particular significance here, §§ 825.220(c) of those regulations provides:

> An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies.

## IV. PROCEDURAL REQUIREMENTS

14. Paragraphs 1-13 above are incorporated herein by reference.

15. Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC"). On or about February 1, 2017, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of those Plaintiffs' claims.   Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

## V. STATEMENT OF THE CLAIM

16. Paragraphs 1-15 above are incorporated herein by reference.

17. Plaintiff is a female employee who had been employed by the defendant.

18. On or about March 13, 2016 was taken off work because of a serious health condition that had occurred on or about March 11, 2016.

19. As a result of the serious health condition, Plaintiff was placed on FMLA leave by the Defendant.

20. Other male employees had also suffered injuries while employed by the Defendant, and had been also placed on FMLA leave.

21. These male employees were accommodated, and also were allowed to continue employment with the defendant, despite having exhausted the time period under the Family Medical Leave Act.

## VI. GENDER DISCRIMINATION CLAIM

22. Paragraphs 1-21 above are incorporated herein by reference.

23. At all relevant times, Plaintiff was an employee under the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*.

24. At all relevant times, Defendant was an employer under the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*.

25. At all times relevant hereto, Defendant has enacted and effected policies and practices of

unlawful and systematic exclusion of and discrimination against Plaintiff, as a female by *inter alia*:

a. Failing to equalize conditions of employment for Plaintiff as compared with Plaintiff's male co- workers;

b. Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to discriminate against Plaintiff because of her gender; and

c. Subjecting Plaintiff to gender discrimination.

## DAMAGES

26. Paragraphs 1-25 above are incorporated herein by reference

27. Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

28. Plaintiff would further show the court that she is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

29. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

## ATTORNEY FEES

30. It was necessary for the plaintiff to retain the undersigned attorney to represent her in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees

and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she recover from the Defendant, the following:

1. Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated damages;

2. Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

3. Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff; and

4. Requiring that Defendant pay to Plaintiff her attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

5. Liquidated damages authorized by the applicable statutes; and,

**PLAINTIFF'S COMPLAINT**
**Page 6**

6. Such other and further relief as the Court deems just.

                                             Respectfully submitted,
                                             _/S/_____
                                             Bob Whitehurst
                                             State Bar No. 21358100
                                             Bob Whitehurst
                                             5380 Old Bullard Road
                                             Suite 600, # 363
                                             Tyler, Texas 75703
                                             (903)593-5588
                                             Attorney for Plaintiff

**PLAINTIFF'S COMPLAINT**
**Page 7**