IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KELESSIA BATTEE | § | |
| | § | |
| v. | § | Case No. 2:17-CV-0161-JRG -RSP |
| | § | |
| BEN E. KEITH COMPANY | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Transfer Venue (Dkt. No. 7) filed on April 10, 2017 by Defendant Ben E. Keith Company. This action is brought by Kelessia Battee, a resident of Smith County, Texas, against a Texas corporation with its principal place of business in Palestine, Anderson County, Texas arising out of Plaintiff's employment by Defendant in Palestine. Defendant moves to transfer the case to the Tyler Division of this Court, where both Smith and Anderson counties are located.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing

witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

**A.     Proper Venue for the Case**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

**B.     Private Interest Factors**

   **1.     Relative Ease of Access to Sources of Proof**

All known sources of proof are in Anderson County or at Defendant's offices in Ft. Worth, Texas. This factor does favor transfer.

   **2.     Availability of Compulsory Process to Secure the Attendance of Witnesses**

It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Tyler. This factor is neutral.

### 3. Cost of Attendance for Willing Witnesses

The cost of attendance is roughly equal but the drive to the Marshall courthouse would take slightly longer for all of the witnesses. This factor does favor transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings had yet occurred in Marshall. This factor is neutral.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor. While the Marshall Division may have a somewhat heavier civil docket, the Tyler Division has a heavier criminal docket. This factor is neutral.

### 2. Local Interest in Having Localized Interests Decided at Home

Because Plaintiff's employment was in Anderson County, and all parties and witnesses are located in the Tyler Division, this factor favors transfer.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

**CONCLUSION**

The Court finds Defendant has shown that the Tyler Division is clearly more convenient. Accordingly, the Motion is GRANTED and the Clerk is directed to transfer this matter to the Tyler Division of this Court and reassign it to the appropriate judicial officers.

**SIGNED this 5th day of May, 2017.**

*[Signature: Roy S. Payne]*
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE